IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE CROOM, | ) | CASE NO. 1:18 CV 0447 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION &** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

Before me[1] is an action by Bruce Croom under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying his application for supplemental security income ("SSI").[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and procedural[6] orders, the

---

[1] ECF No. 16. The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.
[3] ECF No. 12.
[4] ECF No. 13.
[5] ECF No. 7.
[6] ECF No. 15.

parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] They have participated in a telephonic oral argument.[10]

## Facts

**A.  Background facts and decision of the Administrative Law Judge ("ALJ")**

Croom, who was 44 years old at the time of the hearing,[11] had a 12th grade education.[12] His past relevant work experience included: breakfast manager at McDonald's; assistant manager of a bank; salesperson; head teller; and self-employed contractor.[13]

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Croom had severe impairments consisting of: chronic systolic heart failure secondary to non-ischemic dilated cardiomyopathy; essential hypertension; hyperlipidemia; history of CVA in 2008; and obesity.[14]

The ALJ found Croom had the residual functional capacity ("RFC") for sedentary work as defined in the regulations, with additional limitations.[15] The ALJ decided that

---

[7] ECF No. 20 (Croom's brief); ECF No. 22 (Commissioner's brief).
[8] ECF No. 20, Attachment 1 (Croom's charts); ECF No. 22, Attachment 1 (Commissioner's charts).
[9] ECF No. 19 (Croom's fact sheet).
[10] ECF No. 24.
[11] ECF No. 19.
[12] *Id.*
[13] *Id.*
[14] ECF No. 13, Transcript ("Tr.") at 13.
[15] *Id.* at 14.

this residual functional capacity precluded Croom from performing his past relevant work.[16]

Based on the testimony of the vocational expert ("VE") at the hearing, the ALJ determined that a significant number of jobs existed nationally that Croom could perform.[17] The ALJ, therefore, found Croom not under a disability.[18]

**B.     Issue on judicial review**

Croom asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Croom presents the following issue for judicial review:

- Whether the ALJ's finding that Croom retains the RFC for sedentary work lacks substantial evidence because the ALJ failed to give sufficient evidentiary weight to the opinions of the treating and examining physicians who opined that Croom is NYHA[19] Functional Class: III.

For the reasons set forth below, I find that the ALJ's no disability finding must be reversed and this matter remanded for further administrative proceedings consistent with this opinion.

---

[16] *Id.* at 19.
[17] *Id.* at 20.
[18] *Id.* at 21.
[19] This acronym stands for New York Heart Association. ECF No. 20 at 4.

## Analysis

**A. Applicable legal principles**

*1. Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[20]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[21] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[22]

---

[20] *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001) (citations omitted).
[21] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *1 (S.D. Ohio Feb. 12, 2008).
[22] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

I will review the findings of the ALJ at issue here consistent with that deferential standard.

## 2. *Treating physician rule and good reasons requirement*

The Sixth Circuit in *Gayheart v. Commissioner of Social Security*[23] emphasized that the regulations require two distinct analyses in evaluating the opinions of treating sources.[24] The *Gayheart* decision directed that the ALJ must first determine if the opinion must receive controlling weight as well-supported by clinical and laboratory techniques and as not inconsistent with other evidence in the administrative record.[25] If the ALJ decides not to give the opinion controlling weight, then a rebuttable presumption exists that the treating physician's opinion should receive great deference.[26] This presumption may be rebutted by application of the factors set forth in 20 C.F.R. §§ 416.927(c)(2)(i)-(ii), (3)-(6).[27] The Court cautioned against collapsing these two distinct analyses into one.[28]

Despite the seemingly clear mandate of *Gayheart*, the Sixth Circuit in later decisions has adopted an approach that permits these two separate analyses to be merged into one so long as the ALJ states "good reasons" for the weight assigned, applying the regulatory factors governing each analytical step.[29] Also, despite the reality that a unified statement

---

[23] *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013).
[24] *Id.* at 375-76.
[25] *Id.* at 376.
[26] *Rogers*, 486 F.3d at 242.
[27] *Gayheart*, 710 F.3d at 376.
[28] *Id.*
[29] *E.g., Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 785 (6th Cir. 2017).

of these "good reasons" greatly enhances meaningful judicial review,[30] some authority exists for looking outside the unified statement for analysis of the weight assigned to a treating source's opinion.[31] Going beyond the reasons stated in the unified statement takes the Court in the hazy gray area where the sirens of *de novo* review and *post hoc* rationalization reside. A reviewing district court must avoid both. An ALJ cannot avoid reversal by merely citing exhibits in the record that might support her findings without discussing the content of those exhibits and explaining how that content provides support.[32] Nor can counsel for the Commissioner save a decision from reversal by citing to evidence in the record not cited and adequately discussed by the ALJ.[33] It is for the ALJ, not the court or Commissioner's counsel, to "build a logical bridge from the evidence to the conclusion."[34] "Put simply, . . . there must be some effort . . . to explain why it is the treating physician's conclusion that gets the short end of the stick."[35]

The failure of an ALJ to follow the procedural rules for assigning weight to the opinions of treating sources and the giving of good reason for the weight assigned denotes

---

[30] *Smith v. Comm'r of Soc. Sec.*, No. 5:13cv870, 2104WL1944247, at **7-8 (N.D. Ohio May 14, 2014).
[31] *See, e.g., Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528 (6th Cir. 2001).
[32] *Smith v. Comm'r of Soc. Sec.*, No. 5:13 CV 870, 2104 WL 1944247, at *7 (N.D. Ohio May 14, 2014).
[33] *Sharp v. Comm'r of Soc. Sec.*, No. 1:14-cv-523, 2015 WL 3545251 (S.D. Ohio June 4, 2015) (citing *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 524 (6th Cir. 2014)), *report and recommendation adopted by* 2015 WL 3952331 (S.D. Ohio June 29, 2015).
[34] *Hale v. Colvin*, No. 3:13cv182, 2014 WL 868124, at *8 (S.D. Ohio March 5, 2014).
[35] *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 552 (6th Cir. 2010).

a lack of substantial evidence even if the decision of the ALJ may be justified based on the record.[36] The Commissioner's *post hoc* arguments on judicial review are immaterial.[37]

The Sixth Circuit has identified certain breaches of the *Wilson* rules as grounds for reversal and remand, including:

- the failure to mention and consider the opinion of a treating source;[38]

- the rejection or discounting of the weight of a treating source without assigning weight;[39]

- the failure to explain how the opinion of a source properly considered as a treating source is weighed (*i.e.*, treating v. examining);[40] and

- the elevation of the opinion of a nonexamining source over that of a treating source if the nonexamining source has not reviewed the opinion of the treating source.[41]

The Sixth Circuit court expressed skepticism as to the Commissioner's argument that the error should be viewed as harmless since substantial evidence exists to support the ultimate finding.[42] Specifically, *Blakley v. Commissioner of Social Security*[43] concluded that "even if we were to agree that substantial evidence supports the ALJ's weighing of each of these doctors' opinions, substantial evidence alone does not excuse

---

[36] *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir. 2009).
[37] *Wooten v. Astrue*, No. 1:09-cv-981, 2010 WL 184147, at *8 (N.D. Ohio Jan. 14, 2010).
[38] *Blakley*, 581 F.3d at 407-08.
[39] *Id.* at 408.
[40] *Id.*
[41] *Id.* at 409.
[42] *Id.* at 409-10.
[43] *Id.* at 399.

7

non-compliance with 20 C.F.R. § 404.1527(c)(2) as harmless error."[44] Harmless error sufficient to excuse the breach of the treating source rule only exists if the opinion it issues is so patently deficient as to make it incredible, if the Commissioner implicitly adopts the source's opinion or makes findings consistent with it, or if the goal of the treating source regulation is satisfied despite non-compliance.[45]

**B.     Application of legal principles**

This is yet another treating source case. Crooms's treating cardiologist, Dr. Mountis, gave opinions in 2015, 2016, and 2017 regarding the degree of his limitations under the NYHA Functional Classification system. In January of 2015, she classified him as Class II, Stage III.[46] In October of 2015[47], and again in 2016[48] and 2017,[49] however, she opined that he was Class III, Stage C. Class III represents "marked limitation of physical activity. Comfortable at rest. Less than ordinary activity causes fatigue, palpitation, or dyspnea."[50] Stage C is defined as "objective evidence of moderately severe cardiovascular disease. Marked limitation in activity due to symptoms, even during less-than-ordinary activity. Comfortable only at rest."[51]

---

[44] *Id.* at 410.
[45] *Cole v. Astrue*, 661 F.3d 931, 940 (6th Cir. 2011).
[46] Tr. at 236.
[47] *Id.* at 355.
[48] *Id.* at 449.
[49] *Id.* at 467.
[50] AM. HEART ASS'N, *Classes of Heart Failure*, http://www.heart.org/en/health-topics/heart-failure/what-is-heart-failure/classes-of-heart-failure (last visited Nov. 27, 2018).
[51] *Id.*

8

The ALJ acknowledged only the 2015 opinion in his decision,[52] and assigned no weight to any opinion of Dr. Mountis.

There is no question that Dr. Mountis is a treating source or that her four opinions based on the NYHA classification constitute an assessment both of severity and of degree of limitation. Counsel for the Commissioner implicitly acknowledged this by arguing that these failures by the ALJ constitute harmless error as defined in cases such as *Cole v. Astrue*.[53]

The ALJ's failure to acknowledge two of Dr. Mountis's opinions and to assign weight to any of her opinions constitutes *per se* violations of the treating source rule.[54] The Commissioner argues harmless error because the ALJ either implicitly adopted the Dr. Mountis's opinions or made findings consistent with them. But even with the adoption of a sedentary RFC, this would not compensate for the marked limitations in physical activity called for by the NYHA Class III, Stage C classification.[55] In this regard, the VE testified that there would not be a significant number of jobs in the national economy Croom could perform if he could not sustain an eight-hour work day, five days a week.[56] Had Dr. Mountis's opinions received controlling or substantial weight, the ALJ would then have been required to find an absence of a significant number of jobs in the national economy

---

[52] Tr. at 16.
[53] 661 F.36 931.
[54] *Blakely*, 581 F.3d at 407-08.
[55] *See Rawlings v. Colvin*, No. 3:14cv00159, 2015 WL 3970608, at *7 (S.D. Ohio June 30, 2015), *report and recommendation adopted by* 2015 WL 4940821 (July 20, 2015).
[56] Tr. at 55-56.

that Croom could perform or at least made an attempt to question the VE about jobs that Croom could have done with this NYHA classification.

The ALJ erred in failing to acknowledge two of Dr. Mountis's opinions and failing to weigh any of her opinions, and these errors were not harmless. This matter is reversed and remanded for further administrative proceedings consistent with this opinion.

## Conclusion

The finding of the Commissioner that Croom had no disability lacks substantial evidence. Accordingly, the decision of the Commissioner denying Croom supplemental security income is reversed and remanded for further administrative proceedings. On remand, the ALJ must properly analyze and weigh Dr. Mountis's opinions, including the NYHA classifications assigned to Croom, and their impact on the RFC.

IT IS SO ORDERED.

Dated: November 29, 2018                    s/ William H. Baughman, Jr.
                                            United States Magistrate Judge